UNITED STATES BANKRUPTCY COURT          WESTERN DISTRICT OF WISCONSIN

In re

Courtney and Margaret Howard,                  Case No. 3-07-11467-rdm

    Debtors.

## Second Amended Chapter 13 Plan of Reorganization

1. **The petitioners will pay or cause to be paid to the trustee $800.00 per month until April 2008 and thereafter $500 for the balance of for 60 months, directly from Courtney Howard's self-employment income, as no useful wage assignment mechanism exists.**

2. From such funds paid in, the trustee will pay the following allowed claims in the order stated, except as otherwise provided in this plan or the schedule of debts:

    a. Filing fees, attorneys fees, and administrative expenses as the court may direct.

    b. Secured claims, including any mortgage arrearage claims, in full, with interest on the declining balance at the rate of S percent or such other rate as the court may order pursuant to 11 U.S.C. °1325(a)(5); except that mortgage arrearage claims shall bear no interest.

    c. Other claims entitled to priority under 11 U.S.C. °507, in full with interest or present-value payments where provided by law.

    d. Unsecured claims not placed in any other class, at the rate of such percent of the allowed claim as is possible from funds available, estimated by the petitioner at 3 percent.

3. The petitioner shall have the right to surrender any encumbered asset at any time, without further order of the court3 to the holder of the senior secured claim on such property, with notice to holders of any junior secured claims on such property. Secured claims on such property shall thereupon be satisfied for purposes of this Chapter 13 case.

4. The petitioners shall have the right to sell or refinance any encumbered asset at any time, without further order or authorization of the court, provided such sale or refinancing pays in full or has the consent of all creditors with allowed or

allowable claims secured by such asset. The petitioners may make payment to such creditors from such sale or refinancing directly to the creditor, and the sale shall otherwise be free and clear of liens. The debtors shall thereupon notify the trustee of such payment, and the secured claim shall be satisfied for purposes of this Chapter 13 case.

5. Claims not filed, disallowed for failure to file a timely claim, or otherwise not allowed will receive no payment under this plan.

6. Any default on any claim against the petitioners or their property shall be deemed cured and waived.

7. The property of the estate shall not vest in the petitioners on the confirmation of the plan. The petitioner shall have full possession and control of all his or her property, with the right to dispose thereof without court order. The automatic stay of 11 U.S.C 362(a) shall be in full effect, without regard to the existence of prior Title 11 cases that, but for this provision, would negate, terminate, or limit the existence or effect of the automatic stay of 11 U.S.C 362(a).

8. The petitioners may pre-pay any obligation under this plan at any time, with the same effect as if paid in installments at the times originally designated, without further notice to parties in interest or order of the court, and without regard to whether the plan has been in effect for 36 months or any other minimum time. Payments above or in addition to those required by the plan shall be considered prepayments rather than additional payments, unless otherwise designated.

9. Confirmation of this plan shall preclude a motion under II U.S.C. 1301(c), and the payments provided hereunder shall be in full satisfaction of any claim with regard to which such a motion would be required.

10. The holder of an allowed secured claim that is to be paid under the plan may retain the lien supporting such claim by so electing in writing filed with the court and served on the petitioners before this plan is confirmed; claim of security in a proof of claim shall not, without more, constitute such an election. A lien for which such election has been made shall be retained until the secured claim is paid. On payment in full of an allowed secured claim for which lien retention has been elected, and otherwise on confirmation of this plan of reorganization, the creditor shall satisfy and release all liens on which such secured status is based. Discrete items of collateral shall at petitioners' option be allowed as separate secured claims.

11. No claim shall be deemed allowed or protected from disallowance or modification solely on account of having been filed prior to confirmation of this plan of reorganization. Except as otherwise provided by order of the court, each claim

shall be allowed, disallowed or modified under applicable statutes and rules without regard to whether such claim and any objection thereto were filed before or after confirmation of this plan of reorganization,

12. All lawsuits and other proceedings to enforce a debt in any court or forum a claim provided for in this Chapter 13 case shall be dismissed on confirmation of this plan of reorganization. Confirmation shall constitute an order to the holder of such claim to obtain such dismissal, and shall modify the automatic stay to any extent necessary to permit such dismissal. Such dismissal may be without prejudice, subject to the petitioners' right to seek other terms in the tribunal where the matter is pending.


| 4/4/08 | /s/Courtney T. Howard |
|---|---|
| date | Courtney T. Howard |

| 4/4/08 | /s/Margaret A. Howard |
|---|---|
| date | Margaret A. Howard |